UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**FREEDOM MORTGAGE CORPORATION,**

                           **Plaintiff,**

    vs.                                                               3:22-CV-875
                                                                                (TJM/ML)

**THOMAS D. REDMAN, and MIDLAND
FUNDING, LLC,**

                           **Defendants.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## ORDER

      Plaintiff Freedom Mortgage Corporation filed a Complaint in the instant action on August 23, 2022. See dkt. # 1. The Complaint seeks foreclosure of a mortgage on a residence at 1060 Powers Road, Conklin, New York. Id. at ¶ 1. Defendant Thomas D. Redman signed a mortgage on that property in the amount of $123,960 on January 23, 2015. Id. at ¶ 7. Plaintiff Freedom Mortgage Corporation eventually came to own the mortgage, which Defendant modified pursuant to an agreement on August 23, 2018. Id. at ¶¶ 8-9. That mortgage amounted to $132,896.53. Id. at ¶ 9. The Complaint alleges that Defendant has not made a payment on the mortgage since May 1, 2020. Id. at ¶ 10. At the time that Defendant filed this action, Defendant owed $129,569.31 on the mortgage principal. Id. at 11. Per the mortgage's terms, interest accrued at 5% from April 1, 2020. Id. Plaintiff's two-count Complaint seeks judgment of foreclosure, costs and fees, and an

1

order from the Court that the property be sold to recover the sums owed.

Plaintiff served the Complaint on the Defendants, who did not answer. The Clerk granted Plaintiff's request for entry of default. See dkt. # 14. Plaintiff then filed the instant motion for default judgment. See dkt. # 18.

Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok, 122 F.R.D. at 156.

Having examined the documentary evidence provided by the Plaintiff, the Court concludes that Plaintiff has established the amount of damages as a sum certain and that no hearing is required. The Court will therefore GRANT Plaintiff's motion for default judgment, dkt. # 18, as follows:

1. The mortgaged premises described in the Complaint ("the property in question"), more commonly known as 1060 Powers Road, Conklin, New York, 13748, a parcel of land improved with a single family home, shall be sold in and as one parcel;

2

2. Such sale shall be conducted at a public auction at the Broome County Courthouse, 92 Court St., Binghamton, NY13901, or at another such suitable location, by and under the direction Thomas F. Cannavino, Esq., 10 Madison Avenue, Endicott, NY 13760, Ph. 607-748-1533, who is hereby appointed Referee for the sale of the mortgaged premises. The Referee shall give public notice of the time and place of the sale in accordance with New York RPAPL § 231 in the <u>Press & Sun Bulletin</u> newspaper;

3. The Plaintiff or any other party to this action may become a purchaser of the property in question at the scheduled sale;

4. The Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified in the Court record. The Referee shall require that the successful bidder immediately execute Terms of Sale for the purchase of the premises. The purchaser shall pay to the Referee, in cash, in a certified check, or in a bank check, ten percent (10%) of the sum bid. If the successful bidder is the Plaintiff in this action, no deposit against the purchase price shall be required;

5. If the first successful bidder fails immediately to execute the Terms of Sale following the bidding upon the subject premises or fails immediately to pay the ten percent (10%) deposit required, the premises shall immediately and on the same day be reoffered at auction;

6. The closing of the title shall take place at the office of the Referee or at another location determined by the Referee. The closing of title and filing of the Referee's deed shall be made within thirty (30) days after the sale unless

otherwise stipulated by the parties;

7. The Referee shall deposit all funds received pursuant to the judgment of foreclosure and sale of the property in the Referee's Interest on Lawyer Account Fund ("IOLA");

8. Upon receipt of funds from the sale, the Referee shall promptly cause to paid from those proceeds:

   a. $750 to the Referee as the statutory fees and commissions due under New York CPLR § 8003(b). If the scheduled sale is cancelled or postponed by a person other than the Referee, the Plaintiff shall pay $250 to the Referee. That fee shall be paid for every cancellation or postponement caused by a person other than the Referee. That compensation may be paid to the Referee from the proceeds of the sale. This judgment and order constitutes the necessary prior authorization for compensation as set forth herein. No compensation totaling in excess of $1,100, including compensation authorized pursuant to New York CPLR§ 8003(a) for computation of the sum due to the Plaintiff, may be accepted by the Referee without Court approval;

   b. The reasonable expenses for the sale, including the costs of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to his appointment. The purchaser of the

    property shall hold the Referee harmless from any such penalties or fees assessed;

 c. Pursuant to New York RPAPL § 1354 and pursuant to the priorities established under that law, all taxes, assessments, sewer rents, water rates, and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and which are liens on the premises at the time of sale, with such interest or penalties that lawfully may have accrued thereon to the date of payment;

 d. To the Plaintiff or its attorney:

  I. the sum of $1453.35 for the costs and disbursements in this action to be taxed by the Clerk, with interest from the date of this judgment and order;

  ii. the sum of $158,128.08,[1] the amount the Court finds due on

---

[1]Plaintiff calculates the amount owed on the mortgage as follows:

| | |
|---|---:|
| Principal Balance | $ 129,569.31 |
| Interest from 4/1/20 to 1/15/23 at 5% | $ 18,064.20 |
| Escrow Advances: | |
|  Beginning Escrow Balance $(395.33) | |
|  Taxes $7,760.55 | |
|  Hazard Insurance $1,584.00 | |
|  Escrow Credit $ (6.93) | |
| Total Escrow Advances: | $ 8,942.29 |
| Property Inspections | $ 435.00 |
| Late Charges Prior to Acceleration | $ 1,117.28 |
| Total Default | $ 158,128.08 |

The Court has examined the record finds that the record supports this calculation. The Court will adopt the calculation.

5

        the mortgage in question, together with interest thereon pursuant to the terms of the Note from January 16, 2023, the date to which interest was calculated in the Plaintiff's affidavit. Interest shall also be paid from the date of entry of this Order to the date of payment at the rate provided in 28 U.S.C. § 1961(a);

   iii.    $5,225.00, as reasonable attorneys fees as provided for in the mortgage agreement;

   iv.    the amount of any advances provided for in the Note and Mortgage that plaintiff may have made for taxes and insurance, and amounts due to prior mortgagors, upon presentation to the Referee of receipts for those expenditures; and

   v.    the amount of any advances provided for in the Note and Mortgage that plaintiff reasonably may have made to maintain the premises pending consummation of the foreclosure sale upon presentation to the Referee of receipts for these expenditures;

9.    The Referee shall timely file the Referee's Report of Sale;

10.    If Plaintiff is the purchaser of the property, the Referee shall not require the Plaintiff to pay in cash the entire amount bid but shall instead execute and deliver to the Plaintiff a deed of the premises sold upon payment to the Referee of the sums awarded in paragraphs 8(a), 8(b), and 8©) above.  If such payments were paid by the Referee, or in lieu of the payment of the last

mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment therefore.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to the plaintiff and applied by the Referee to the amounts due to the Plaintiff in paragraph 8(d) above.  If upon applying the balance of the amount bid, there is a surplus over and above the amounts due Plaintiff, then upon delivery to the Plaintiff of the Referee's deed, Plaintiff shall pay to the Referee the amount of such surplus, which amount shall be applied by the Referee, upon motion made pursuant to New York RPAPL § 1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises pursuant to New York RPAPL § 1354(3), which payment shall be reported in the Referee's Report of Sale.  Any surplus remaining after all payments are herein provided shall be deposited with the Clerk of Court in accordance with New York RPAPL § 1354(4).   The Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified at the time of the sale;

11. The Referee shall take and file with the Referee's Report of Sale receipt(s) for the amounts paid as directed in paragraph 8(d).  The Referee shall deposit the surplus monies from the sale, if any, with the Clerk of this Court to the credit of this action, within five (5) days after receipt unless such period is deemed extended by the filing of an application for additional compensation.  The Clerk of Court shall place the money in an appropriate

account, to be withdrawn only upon order of this Court. The Referee shall make the Referee's Report of Sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was made and file it with the Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser within thirty (30) days of a decision of this Court with respect to any application for additional compensation

12. The Referee shall complete the Foreclosure Action Surplus Monies Form to be filed by the Plaintiff;

13. The purchaser of the property in question shall take possession of the property upon production of the Referee's deed to that property;

14. The Defendants in this action, as well as all persons claiming under them or any or either of them after filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises that were the subject of this action and each and every part and parcel thereof;

15. The terms of the sale, to the extent that they do not contradict this judgment or violate any law, shall be binding in all respect on the purchasers;

16. The premises shall be sold in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning

ordinances of the municipality in which the mortgaged premises are located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in New York RPAPL § 1354, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale. Risk of loss shall not pass to the purchaser until closing of title;

17. By accepting the appointment, the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge of the State of New York, including but not limited to 22 NYCRR § 36.2©) ("Disqualifications from appointment) and 22 NYCRR § 36.2(d) ("Limitations on appointments based upon compensation");

18. A copy of this Order shall be served no less than thirty (30) days prior to sale upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action, and any other party entitled to notice;

19. The Plaintiff shall serve a copy of the Notice of Sale upon the owner of equity of redemption's last known address and at the property address, and an affidavit of such service shall be filed at least ten (10) days prior to the scheduled sale; and

20. The Referee shall caused to be recorded by the Broome County Clerk a copy of this Order against the land records for the subject property.

The property in question is the property described in Exhibit A, attached hereto.

**IT IS SO ORDERED**

Dated: September 25, 2023

/s/ Thomas J. McAvoy
Thomas J. McAvoy
Senior, U.S. District Judge

# EXHIBIT A

**Legal Description**

All that tract or parcel of Land, situated in the Town of Conklin, County of Broome, State of New York, bounded and described as follows:

Commencing at a point in the Southerly line of Highway known as Powers road and which point is One Hundred Eighty-Five (185.00) feet Eastwardly from an iron stake in the Easterly line of the said premises of the Erie Railroad;

Running thence Southwardly Six Hundred (600) more or less, feet to a point in the Southerly line of premises now or formerly owned by Monroe;

Thence Westwardly along the said Southerly line of lands now or formerly of Monroe a distance of Fifty -Five and Three Tenths (55.3) feet to an iron stake in the Easterly line of premises of said Erie Railroad;

Thence Northwesterly along the Easterly boundary line of the Erie Railroad Right-of- Way a distance of Six Hundred Fifty (650) more or less, feet to the intersection of Powers Road and the Erie Railroad Right of Way;

Thence in an Easterly direction along the Southerly boundary line of Powers Road One Hundred Eighty-Five )185.00) feet to the place of beginning.

Being the same property as conveyed from John Grill to Thomas D . Redman as set forth in Deed Book 2408 at Page 80, dated 07/16/2013, recorded 07/26/2013, Broome County, New York